**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH J. REID, SR.,**

                        **Plaintiff,**

    vs.                                                     No. 9:15-CV-761
                                                              (MAD/CFH)

**V. MARZANO,** *Correctional Officer*, **M. VERNE,**
*Correctional Officer*, **SGT. MATTHEW
ROZANSKI,**

                        **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

Joseph J. Reid Sr.
15-R-1021
Attica Correctional Facility
Box 19
Attica, New York 14011
Plaintiff, *pro se*

**HON. ERIC T. SCHNEIDERMAN**        **RYAN W. HICKEY, AAG**
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On June 19, 2015, Plaintiff Joseph J. Reid Sr. filed the complaint in this action alleging that Defendants Corrections Officer V. Marzano, Corrections Officer M. Verne, and Sergeant Matthew Rozanski violated his Eighth Amendment rights. *See* Dkt. No. 1. Defendants moved for summary judgment, and Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order recommending that the Court grant Defendants' motion in part and deny it in part. *See*

Dkt. Nos. 62, 73. Plaintiff did not file any objections. For the following reasons, the Report-Recommendation and Order is adopted in part and rejected in part.

## II. BACKGROUND

In the complaint, Plaintiff alleges that on May 10, 2015, he was attacked by Officer Marzano while getting breakfast at the mess hall. *See* Dkt. No. 1 at 4. When Plaintiff tried to report the attack to Sergeant Rozanski, he was tackled to the ground and handcuffed by Officer Marzano. *See id.* Plaintiff was then escorted to the special housing unit ("SHU"), where he was hit in the face by Officer Verne until Sergeant Rozanski opened the door and told Officer Verne to "start wrapping the fun up" because a nurse was coming. *See id.* Defendants' account of that day is very different. According to Defendants, Plaintiff had an unprovoked outburst, refused to obey commands, and punched Officer Marzano in the face. *See* Dkt. No. 62-2 at ¶¶ 4-7. When Plaintiff was taken to SHU, he refused Officer Verne's order to comply with a strip frisk. *See id.* at ¶ 15. Plaintiff then turned aggressively toward Officer Verne with his fists raised, and Officer Verne used a leg sweep to bring Plaintiff to the ground. *See id.* at ¶ 17.

As a result of the events that took place on May 10, 2015, Plaintiff was subject to a Tier III disciplinary hearing and found guilty of several charges, including assault on staff, violent conduct, and creating a disturbance. *See* Dkt. No. 62-5 at 30-31. Additionally, Plaintiff was charged with criminal assault in Jefferson County, New York. *See* Dkt. No. 62-6. Plaintiff pleaded guilty to third degree assault in Jefferson County Court, and on May 13, 2016, he was sentenced to time served. *See id.* at 1-3.

On May 26, 2017, Defendants moved for summary judgment in this case arguing that Plaintiff's claims must be dismissed because a favorable judgment in this case would "necessarily imply the invalidity" of Plaintiff's underlying criminal conviction. *See* Dkt. No. 62-1 at 1 (citing

*Heck v. Humphrey*, 512 U.S. 477 (1994)). Magistrate Judge Hummel issued a Report-Recommendation and Order recommending that this Court grant Defendants' motion for summary judgment as to Officer Marzano but deny summary judgement as to Officer Verne and Sergeant Rozanski. *See* Dkt. No. 73 at 18-19.

### III. LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, \*1 (S.D.N.Y. Nov. 29, 2004).

### IV. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. Under *Heck* and its progeny, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). But *Heck* "does not require dismissal

3

of claims which, if adjudicated in favor of the plaintiff, would not necessarily invalidate her conviction or sentence. . . . [And] it is 'well established that an excessive force claim does not usually bear the requisite relationship under *Heck* to mandate its dismissal.'" *McGrew v. Holt*, No. 13-CV-792, 2015 WL 736614, *4 (N.D.N.Y. Feb. 20, 2015) (quoting *Smith v. Fields*, No. 95-CV-8374, 2002 WL 342620, *4 (S.D.N.Y. Mar. 4, 2002)).

In the motion for summary judgment, Defendants argue that Plaintiff's § 1983 excessive force action is barred by *Heck* because Plaintiff's assault conviction is incompatible with a finding of excessive force. *See* Dkt. No. 62-1 at 1.[1] In support of their position, Defendants argue that this "exact scenario was recently confronted" in *Shapard v. Attea (Shapard I)*, No. 08-CV-6146, 2016 WL 5871360 (W.D.N.Y. Oct. 7, 2016). In *Shaphard I*, the plaintiff was a prisoner who brought a claim for excessive force against multiple corrections officers. *See id.* at *1. Before the plaintiff filed his complaint in federal court, he pleaded guilty in New York State Supreme Court, Erie County, to assaulting one of the corrections officers during the incident in question. *See id.* However, during his Tier III disciplinary hearing, the plaintiff denied assaulting any corrections officers, and he reiterated that denial at a deposition in his federal case and stated that he lied during his plea to the assault charge. *See id.* at *2. The court in *Shapard I* found that the plaintiff's § 1983 excessive force claims were barred by *Heck* because they "clearly imply the invalidity of his assault conviction," and the version of events based on his sworn statements was "utterly incompatible with his conviction" for assault. *See id.* at *4, *7.

---

[1] Defendants also argue that Plaintiff's claims are also *Heck*-barred because Plaintiff was convicted of several infractions at his Tier III disciplinary hearing. *See* Dkt. No. 62-1 at 12. For the reasons set forth by Magistrate Judge Hummel in the Report-Recommendation and Order, the Court finds that the Plaintiff's disciplinary hearing does not bar his claims in this case under *Heck*. *See* Dkt. No. 73 at 14-15.

In this case, Plaintiff was also convicted of assault because of his conduct during the incident giving rise to his excessive force claim.[2] Additionally, like the plaintiff in *Shaphard*, Plaintiff told a different story during his Tier III disciplinary hearing and his deposition in this case; in both instances, Plaintiff denied assaulting Officer Marzano. *See* Dkt. No. 62-5 at 22, 23, 30; Dkt. No. 62-4 at 110-11. In the Report-Recommendation and Order, Magistrate Judge Hummel followed the reasoning in *Shapard I*, noting that "Plaintiff's excessive force claim against [Officer] Marzono is based on the theory that he never hit [Officer] Marzano, and that [Officer] Marzano attacked him without provocation." *See id.* at 12. Therefore, Magistrate Judge Hummel recommended that the Court dismiss Plaintiff's claims as to Officer Marzano. *See id.* But Plaintiff's claims against Officer Verne and Sergeant Rozanski are based, in part, on the events that took place once Plaintiff arrived at SHU, which was well after Plaintiff's assault against Officer Marzano. Therefore, Magistrate Judge Hummel recommended that the Court deny the motion for summary judgment as to Officer Verne and Sergeant Rozanski. *See* Dkt. No. 73 at 13-18.

After Magistrate Judge Hummel issued his Report-Recommendation and Order in this case, the Second Circuit issued a Summary Order vacating the district court's decision in *Shapard*. *See Shapard v. Attea (Shapard II)*, No. 16-3764, 2017 WL 4548439 (2d Cir. Oct. 12, 2017) (summary order). The Second Circuit determined that "Shapard's excessive force claims are not *Heck*-barred because their favorable adjudication would not 'necessarily imply the

---

[2] Plaintiff pleaded guilty to third degree assault. Under N.Y. Penal Law § 120.00, a person is guilty of third degree assault when:
> 1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or
> 2. He recklessly causes physical injury to another person; or
> 3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

5

invalidity' of his prior assault conviction." *See id.* at \*2. The Second Circuit pointed to two reasons for its decision. First, the elements of excessive force are not incompatible with the elements of Shapard's assault conviction. Second, despite denying the assault during his deposition and his Tier III disciplinary hearing, Shapard's complaint did not deny that he assaulted the corrections officer in question. *See id.* at \*2. Ultimately, the Second Circuit found that "Shapard's plausible claim of excessive force can be reconciled with his assault [conviction]." *See id.* at \*3.

As Defendants pointed out in their motion for summary judgment, the facts in *Shapard I* are extremely similar to the facts in this case. The Second Circuit's reasoning for vacating the Western District's decision in *Shapard I* applies equally to this case: the elements of excessive force are not incompatible with the elements of third degree assault under N.Y. Penal Law § 120.00, and Plaintiff's complaint does not actually deny that he assaulted Officer Marzano. *See* Dkt. No. 1 at 4. Therefore, the Court finds that Plaintiff's claims against Officer Marzano are not barred by *Heck*. However, as the Second Circuit noted in *Shapard II*, the Court may take steps to prevent Plaintiff from disputing his assault conviction, including "limiting his testimony and instructing a jury that he assaulted" Officer Marzano. *See Shapard II*, 2017 WL 4548439, at \*3.

## IV. CONCLUSION

After carefully reviewing the parties' submissions, Magistrate Judge Hummel's Report-Recommendation and Order, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 73) is **ADOPTED in part** as to the recommendation to deny the motion for summary judgment as

to Defendants Verne and Rozanski, and **REJECTED in part** as to the recommendation to grant summary judgment as to Defendant Marzano; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 62) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 8, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge